IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:05cv945-T |
| | ) | (WO) |
| CHARLES M. INGRUM, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 5, 2005, *pro se* plaintiff Diane Baker filed this action against defendant Charles Ingrum.  According to Baker, Ingrum is demanding she pay $10,000 to her creditors and she only has $9000.  On October 13, 2005, this court entered an order directing the plaintiff to show cause on or before October 28, 2005, why this case should not be dismissed for lack of subject matter jurisdiction.  In that order, the court specifically advised the plaintiff that "**if she fails to respond to respond to this order with specificity, the court will treat her failure to respond as an abandonment of the claims set forth in her complaint.  The plaintiff is further cautioned that if she fails to file a response in accordance with the directives of this order, the court will recommend that this case be dismissed.**"  (Doc. # 4) (emphasis in original).  To date, the plaintiff has filed nothing in response to this court's order.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

A review of the complaint demonstrates that the plaintiff does not assert any federal claim. Thus, there is no basis under 28 U.S.C. § 1331 for this court having federal question jurisdiction over these claims. *See* 28 U.S.C. § 1331. A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may

2

share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The complaint alleges that the plaintiff is a citizen of the State of Alabama as is defendant Charles Ingrum; therefore, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332. In short, this court lacks jurisdiction over all of the plaintiff's claims and this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be dismissed with prejudice for lack of subject matter jurisdiction. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **November 14, 2005.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 31st day of October, 2005.

                                          /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE